―――――o―――――

## No. 3691.

### (Court of Appeal, Parish of Orleans.)

### CHARLES MONGOGNA vs. ILLINOIS CENTRAL RAILROAD CO.

Appeal from Civil District Court, Division "B."

Fred Deibel, for Plaintiff and Appellee.

Gustave Lemle, for Defendant and Appellant.

1. The rule of law is that, in the event of an injury to a trespasser on its line, the railroad company can be held liable only for an act which is wanton or gross negligence equivalent to intentional mischief, and it is not bound to keep a lookout for the benefit of trespassers.

2. It is sufficient if proper care be taken to warn and avoid striking the person or animal, after the engine crew knew the dangerous situation

3. Rapid transit would become an impossibility if the railroad employees could not assume that persons would neither trespass on the tracks, nor allow their animals to do so.

4. The element of wantonness which alone could make defendant liable is not found in this case.

DUFOUR, J. This suit is brought to recover the value of a mule killed by one of defendant's trains, about one mile north of

Kenner junction, about ten o'clock at night, in an open country.

Since the passage of Act 70 of 1886, proof of the killing entitles the plaintiff to recover, unless defendant shows that the killing was not due to negligence on the part of its employees.

The mule was a trespasser on the road-bed which is the private property of the company; the engineer and fireman did not see the animal, and if they had seen it, at the distance at which the locomotive headlight makes objects visible, they could not, at the rate of speed at which the train was running, have stopped it in time to avoid the accident.

The questions are, was the engineer under the circumstances guilty of negligence, and what degree of diligence must he exercise?

The rule of law concerning trespassers on the tracks of a railroad in an open country is different from that which applies to persons or animals having as well as the railroad a right of way at crossings or in thickly settled places.

The rule, as stated by the text writers and adjudications, is that, in the event of any injury to a trespasser on its line, the railroad company can be held liable only for an act which is wanton or gross negligence in the management of its line, which is equivalent to intentional mischief, and it is not bound to keep a look-out for trespassers. It is sufficient if proper care be taken to warn and avoid striking the person or animal, after the engine crew knew the dangerous situation.

Thompson on Negligence, 449; Jaggard on Torts, 197; 32 Minn. 518; 126 Mass. 380; 42 An. 302-1156; 47 An. 721.

In Houston vs. R. R. Co., 39 An. 796, the Supreme Court said:

"Of course it would evince criminal negligence to move a train at a high rate of speed through cities, towns or villages, or other places where people are accustomed to throng, but, considering that the railroad companies are entitled to the exclusive use of their tracks or road-bed, there is no reason why, in

380

an open country, not thickly populated, the mere possibility that a person or persons may occasionally walk on the railroad track should be made a factor in the question of speed on railroads."

In other words, rapid transit, so essential to many phases of human or social interest, would be an impossibility, if railroad employees could not take it for granted that people would neither trespass on the tracks, nor allow their animals to do so.

The Maguire case, 42 An. 1483, is not analogous to this; the accident occurred in a populous town, and the railroad was bound to strict diligence, as it had no exclusive right of way. Mirs vs. City, 105 La. 462, does not militate against the defence herein.

The company was exonerated from liability for the killing of the first three of a large number of mules, although the court found that the employees "should have seen the second and third before they were struck; they passed all three of them without knowing it."

The defendant's view is also sustained by the case of White vs. R. R. Co., recently decided by the Supreme Court, and not yet reported.

Considering that the engine crew were not bound to keep a look-out for trespassers on the tracks in an open country, and that they did not see the mule until after it had been struck, the accident was unavoidable, and the element of intentional mischief, which, alone, could make defendant liable, is not found in this case.

Judgment reversed and plaintiff's demand is rejected at his costs in both courts.

May 29th, 1905.

Rehearing refused, June 26th, 1905.

Writ granted by Supreme Court, August 8th, 1905.